# EXHIBIT A

# COMMONWEALTH OF VIRGINIA

VIRGINIA BEACH CIRCUIT COURT
Civil Division
2425 NIMMO PARKWAY BLDG 10
VIRGINIA BEACH VA 23456
(757) 385-4186

Summons

To: WAL-MART STORES EAST, LP
CT CORPORATION SYSTEM
REGISTERED AGENT
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

Case No. 810CL25002239-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, April 29, 2025

Clerk of Court: TINA ESGUERRA SINNEN

by ______________________________
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: SAUBLE, SARAH G

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH

AMY CARO,

Plaintiff,

v. CASE NUMBER: CL25-2239

WAL-MART STORES EAST, LP

SERVE:
CT Corporation System
Registered Agent for Defendants
4701 Cox Road, Suite 285
Glen Allen, VA 23060

and

JANE DOE

Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Amy Caro, and moves for judgment against the Defendants, Wal-Mart Stores East, LP and Jane Doe, jointly and severally, on the grounds and in the amount as hereinafter set forth.

## PARTIES AND VENUE

1. Defendant Wal-Mart Stores East, LP (hereinafter "Walmart") at all relevant times hereinafter mentioned was and is a limited partnership existing and duly qualified to do business in Virginia at 4821 Virginia Beach Blvd, Virginia Beach, Virginia 23462 and was registered as such through the Virginia State Corporation Commission.

2. Defendant Jane Doe was at all relevant times an employee/agent and manager of Defendant Walmart.

3. Plaintiff, Amy Caro, is a resident and domiciliary of the City of Virginia Beach in the Commonwealth of Virginia.

4. This Court has venue and jurisdiction over this action pursuant to §§ 8.01-261(18) and 801-328.1(3) of the Code of Virginia, 1950, as amended.

**FACTUAL BACKGROUND**

5. On or about May 23, 2024, Plaintiff, Amy Caro, entered Walmart Supercenter Store #4064 located at 4821 Virginia Beach Blvd, Virginia Beach, Virginia 23462 as an invitee and customer of the store.

6. At that time and all times relevant hereto, Defendant Walmart owned and operated the Walmart Supercenter Store #4064, to which the general public is invited to shop and from whom their patronage is solicited.

7. On or about May 23, 2024, while exercising due care for her own safety while shopping in Walmart, Plaintiff was struck in the head and face by multiple very large, weighty plastic storage bins with wheels and their matching lids (hereinafter collectively "storage bins"), falling from a high shelf that had been improperly stocked by Defendants, while she was squatted down looking at merchandise on a low shelf, thereby causing her to sustain severe and permanent personal injuries.

8. Said wheeled storage bins were stacked, stocked, and maintained on a high shelf by Defendant Walmart by and through its agents and employees, including Jane Doe, without a security bar or any other safety measures on the shelf to ensure the storage bins would stay securely on the shelf.

9. The area in which Plaintiff's injury occurred was an aisle designed for the use of Walmart's customers and open to the general public.

10. One of the Storage Bins that struck Plaintiff is depicted on Walmart's website below:



11. Walmart advertises the Storage bins as "[j]umbo sized storages box[es]" and as having "large wheels with metal axle [to] allow for rolling over rough surfaces."[1]

12. As the owner and operator of Walmart Supercenter Store #4064, a place of business to which the general public is invited, Defendant Walmart and its agents and employees, including Jane Doe, had a duty to maintain the premises in a reasonably safe condition; to make reasonable routine inspections to determine whether any dangerous conditions and/or hazards existed; to warn all invitees, including Amy Caro, of any and all dangerous conditions and/or hazards of which Defendant Walmart and its agents and employees, including Jane Doe, knew or should have known; and to prevent or rectify such conditions and/or hazards to protect the store's customers from such hazards and/or dangerous conditions.

13. The manner the storage bins were stacked and stocked on the shelves at the time of Plaintiff's injury was consistent with the manner in which the merchandise was stacked and

---

[1] *Id.*

stocked by agents and employees of Walmart and was done either by Jane Doe or under the supervision and direction of Jane Doe.

14. In the alternative, the manner in which the storage bins were stacked and stocked had existed for a sufficient period of time such that Walmart and Jane Doe had actual or constructive knowledge of the manner in which the merchandise was placed at the time of the subject incident.

15. As a result of being struck by multiple heavy, wheeled storage bins, Amy Caro suffered from a broken nose that has left her face disfigured, a traumatic brain injury that has forced her to take leave from work since the date of incident, aphasia and cognitive communication deficits associated with her traumatic brain injury, and injuries to her neck and shoulders.

**COUNT I – NEGLIGENCE**

***Against Defendants Walmart and Jane Doe***

16. Plaintiff incorporates herein the allegations of paragraphs 1 through 15 above.

17. Defendant Walmart is vicariously liable for the imputed negligence of their agents and employees, including Jane Doe, pursuant to the doctrine of Respondeat Superior.

18. Defendant Walmart and its agents and employees, including Jane Doe, were at all relevant times responsible for the proper and safe stocking of merchandise on a shelf and the maintenance and proper positioning of the merchandise on the shelf in Walmart Supercenter Store #4064, where Plaintiff was injured.

19. Defendants, Walmart and Jane Doe, were responsible for pursuing reasonable efforts to maintain a safe environment for its invitees and customers, namely Amy Caro.

20. At the time and place of the incident complained of, Defendants, Walmart and Jane Doe, owed Plaintiff, Amy Caro, a duty to properly stack and stock the storage bins on the shelf

securely and to make sure that said bins remained secured and safely occupied the shelf as to avoid causing injury.

21. By reason of its operation as a commercial department and grocery store, Defendant Walmart and its agents and employees, including Jane Doe, impliedly warranted and represented to Plaintiff that the premises, and in particular the upper shelf holding the storage bins, was safe and properly stocked and secured in a place and manner such that invitees could shop within and around the area where this incident took place without unreasonable risk of injury.

22. Defendants, Walmart and Jane Doe, during all relevant times, had exclusive control over the storage bins on the shelf and the way in which said storage bins were stacked and stocked on the shelf.

23. Defendants, Walmart and Jane Doe, had reasonable and ample time to discover that the storage bins on the shelf were improperly stacked and stocked, to re-stack the storage bins in a more safe and secure manner on the shelf or on a lower shelf where they would not pose an unreasonable danger to invitees, or to install a security bar on the high shelf to secure the wheeled storage bins.

24. Defendants, Walmart and Jane Doe, knew or should have known that the storage bins on the shelf were not stocked nor positioned properly, safely, nor securely on the shelf, and, in particular, the wheeled storage bins were stacked on the third shelf with no security bar to secure the storage bins on the shelf, leaving the storage bins unstable and easily exposed to fall on customers through foreseeable customer contact with other merchandise near the subject storage bins.

25. Further, the adjoining shelf on the adjacent aisle was overly and improperly stocked such that the foreseeable manipulation of merchandise by agents of Walmart, or invitees of Walmart, caused the unsecured Storage Bins to fall from the shelf and strike Plaintiff.

26. Defendant Walmart, by and through its agents and employees, including Jane Doe, negligently breached the duty of care owed to Plaintiff by causing and creating said hazard by improperly stocking the shelf with wheeled storage bins through failing to install a security bar to secure the storage bins to the shelf and by choosing to stack and stock heavy wheeled items on a high shelf, causing the storage bins on the shelf to become unstable and to fall upon Plaintiff while she was squatted down looking at merchandise on a lower shelf, thereby causing her severe and permanent personal injuries.

27. Defendant Walmart negligently, by and through the acts of omission and commission of their employees and agents, including Jane Doe, breached their duty of care in the following ways, any of which was a departure from the accepted standard of care owed to Plaintiff:

A. Affirmatively placing the wheeled storage bins on a high shelf without a security bar in a position of instability and insecurity, creating this hazard;

B. Affirmatively causing the wheeled storage bins to be unstable and unsecured as a result of improper stacking and stocking, thereby causing some of said storage bins to fall upon Plaintiff;

C. In general, failing to provide and/or maintain the area in question in a reasonably safe manner.

28. Defendants' breach of their duties owed to Plaintiff as described above was the proximate cause of Plaintiff's severe and permanent injuries.

29. As a direct and proximate result of the aforesaid negligence of Defendants, Walmart and Jane Doe, Plaintiff sustained serious and permanent injuries and loss of consciousness; has been forced to undergo surgery; experiences permanent and chronic pain and injury; has lost wages and earning capacity; has suffered and continues to suffer great pain of body and mind; has sustained permanent injuries and permanent impairment; and has incurred and will incur in the future hospital and doctor bills as well as related bills in an effort to be cured of said injuries.

**COUNT II – NEGLIGENCE**

***Against Defendants Walmart and Jane Doe***

30. Plaintiff incorporates herein the allegations of paragraphs 1 through 29 above.

31. Defendant Walmart is vicariously liable for the imputed negligence of their agents and employees, including Jane Doe, pursuant to the doctrine of Respondeat Superior.

32. Defendants, Walmart and Jane Doe, had a duty to provide supervision, training, and instruction to their agents and employees so that its agents and employees would keep said premises properly safe from dangerous conditions and hazards with due regard for others, as well as a duty to routinely inspect the premises to uncover any hazardous conditions or dangers to prevent harm to customers.

33. To maintain a safe environment for its invitees and customers, namely Amy Caro, Defendant Walmart and their agents and employees, including Jane Doe, were at all relevant times responsible for pursuing reasonable efforts regarding the management, maintenance, training, instruction, and supervision of employees of said premises and, in particular, the employees who stocked the shelf holding the storage bins which fell upon Plaintiff in Walmart Supercenter Store #4064, and were therefore responsible for pursuing reasonable efforts to routinely inspect and maintain the storage bins securely to the shelf in a safe manner.

34. At the time and place of the incident complained of, Defendants owed Plaintiff a duty to train their agents and employees to properly stack and stock the storage bins on the shelf securely to make sure that said bins remained secured and safely occupied the shelf, as well as routine inspection and maintenance of the position of the storage bins on the shelf as to discover any dangerous conditions or hazards and prevent harm to others.

35. By reason of its operation as a commercial department and grocery store, the Defendants, Walmart and Jane Doe, impliedly warranted and represented to Plaintiff that, due to training and supervision of employees regarding stocking the shelves and regular inspections of the premises, the premises was safe and properly secured in a manner such that invitees could shop within and around the area where this incident took place without any hazard of injury.

36. Defendants, Walmart and Jane Doe, during all relevant times, had exclusive control over the way the storage bins were stacked and stocked on the shelf, the employees who placed them there, and the training and supervision of such employees.

37. Defendant Walmart by and through its agents and employees, including Jane Doe, negligently trained and instructed its employees to stack and stock heavy, wheeled storage bins on a high shelf without a security bar, causing the storage bins on the shelf to become unstable and to fall upon Plaintiff while she was squatted down looking at merchandise on a lower shelf, thereby causing her severe and permanent personal injuries.

38. Defendants, Walmart and Jane Doe, breached their duty owed to Plaintiff to provide proper entrustment, supervision, training, and instruction to its employees and agents, proximately causing Plaintiff's damages.

39. Defendants, Walmart and Jane Doe, breached the duty of care owed to Plaintiff by specifically causing and creating said hazard by failing to properly train and supervise their

employees on stocking shelves, and particularly the Storage Bins onto this shelf and by failing to routinely inspect the storage bins on the shelf to discover any dangers or hazardous conditions, thereby causing the storage bins to be unstable and fall upon Plaintiff.

40. Defendant Walmart negligently, by and through the acts of omission and commission of their employees and agents, including Jane Doe, breached their duty of care in the following ways, any of which was a departure from the accepted standard of care owed to Plaintiff:

A. Affirmatively instructed, directed, and supervised its agents to stock merchandise, including without limitation the Storage Bins, in a dangerous manner;

B. Provided improper or deficient training on how to safely stock merchandise as to not create unreasonable latent hazards to its invitees;

C. Failing to supervise agents that Walmart knew or should have known did not have sufficient knowledge, training, and skill to safely stock shelves such that merchandise would not create an unreasonable hazard to invitees such as Amy Caro;

D. Failing to provide training to employees on the manner and timing of inspections of merchandise to ensure the timely identification of both latent and patent hazards to invitees including Amy Caro;

E. Failing to supervise agents and employees to ensure that reasonable inspections of the premises and merchandise were conducted to ensure the identification of latent and patent hazards to invites including Amy Caro.

41. Defendants' breach of their duties owed to Plaintiff as described above was the proximate cause of Plaintiff's severe and permanent injuries.

42. As a direct and proximate result of the aforesaid negligence of Defendants, Walmart and Jane Doe, Plaintiff sustained serious and permanent injuries and loss of consciousness; has

been forced to undergo surgery; has been prevented from and/or is severely limited in transacting his personal business, her personal affairs, and recreation; experiences permanent and chronic pain and injury; has lost wages and earning capacity; has suffered and continues to suffer great pain of body and mind; has sustained permanent injuries and permanent impairment; and has incurred and will incur in the future hospital and doctor bills as well as related bills in an effort to be cured of said injuries.

**COUNT III – NEGLIGENCE - Failure to Warn of Latent Dangerous Condition**
*Against Defendants Walmart and Jane Doe*

43. Plaintiff incorporates herein the allegations of paragraphs 1 through 42 above.

44. Defendant Walmart is vicariously liable for the imputed negligence of their agents and employees, including Jane Doe, pursuant to the doctrine of Respondeat Superior.

45. Defendants, Walmart and Jane Doe, during all relevant times, had exclusive control over the way the storage bins were stacked and stocked on the shelf and the employees who placed them there.

46. Defendants, Walmart and Jane Doe, were responsible for pursuing reasonable efforts to maintain a safe environment for its invitees and customers, namely Amy Caro, by disclosing any hazardous conditions or dangers to ensure the safety of their patrons.

47. No warning signs or other indications that the area was hazardous were posted in the aisle in which Plaintiff was injured, and no other method of warning the public of the danger was employed. This area of the store was open to the general public and designed so that customers could shop.

48. A reasonable customer would not expect that heavy, wheeled merchandise, and merchandise in adjacent aisles, was stocked by Walmart such that the foreseeable conduct of

Walmart agents and its invitees would cause the heavy, wheeled merchandise to avalanche from a high shelf and strike a customer.

49. Accordingly, Walmart's negligent stocking of its merchandise was a latent dangerous condition that it had a duty to warn invitees including Amy Caro about but failed to do so.

50. As the owner and operator of Walmart Supercenter Store #4064, Defendant Walmart and its agents and employees, including Jane Doe, had a duty to maintain the premises in a reasonably safe condition and to warn all invitees, including Plaintiff, of any and all dangerous conditions and/or hazards of which Walmart and their agents and employees, including Jane Doe, knew or should have known.

51. Defendants, Walmart and Jane Doe, had reasonable and ample time to discover that the storage bins on the shelf were improperly stacked and remove the hazardous condition, or, in the alternative, to warn Plaintiff of said hazard.

52. Defendant Walmart by and through its agents and employees, negligently failed to exercise due care and breached the duty owed to Plaintiff when they failed to maintain the premises in a reasonably safe condition and failed to warn Plaintiff of the hazardous condition, causing the storage bins on the shelf to become unstable and to fall upon Plaintiff while she was squatted down looking at merchandise on a lower shelf, thereby causing her severe and permanent personal injuries.

53. Defendant Walmart negligently, by and through the acts of omission and commission of their employees and agents, including Jane Doe, breached their duty of care in the following ways, any of which was a departure from the accepted standard of care owed to Plaintiff by failing to provide adequate warning of said hazardous condition and/or danger to Plaintiff.

54. Defendants' breach of their duties owed to Plaintiff as described above was the proximate cause of Plaintiff's severe and permanent injuries.

55. As a direct and proximate result of the aforesaid negligence of Defendants, Walmart and Jane Doe, Plaintiff sustained serious and permanent injuries and loss of consciousness; has been forced to undergo surgery; experiences permanent and chronic pain and injury; has lost wages and earning capacity; has suffered and continues to suffer great pain of body and mind; has sustained permanent injuries and permanent impairment; and has incurred and will incur in the future hospital and doctor bills as well as related bills in an effort to be cured of said injuries.

WHEREFORE, Plaintiff demands judgment against Defendants, Walmart and Jane Doe, jointly and severally, in the sum of SIXTEEN MILLION DOLLARS ($16,000,000.00) in compensatory damages, THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00) in punitive damages, and interest from the date of this incident.

A trial by jury is demanded.

**AMY CARO**

**By:** Sarah Sauble
Of Counsel

Sarah G. Sauble (VSB No. 94757)
Breit Biniazan, PC
2100 East Cary Street, Suite 310
Richmond, Virginia 23223
Telephone: 757-622-6000
Facsimile: 757-670-3939
Sarah@bbtrial.com
*Counsel for Plaintiff*

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH**

**AMY CARO,**

**Plaintiff,**

**v.** **CASE NUMBER: ____________________**

**WAL-MART STORES EAST, LP**

**and**

**JANE DOE**

**Defendants.**

**PLAINTIFF'S FIRST INTERROGATORIES TO WAL-MART STORES EAST, LP**

COMES NOW, the plaintiff, Amy Caro, by counsel, and propounds to Wal-Mart Stores East, LP ("Wal-Mart") the following first set of interrogatories to be answered under oath within (28) twenty-eight days from the date of service hereof, in accordance with the Rules of the Supreme Court of Virginia.

**Instructions**

(1) In answering these interrogatories, furnish all information which is available to you, including information in the possession of your attorney or investigator for your attorney and anyone employed or acting on your behalf (whether as agent, servant, representative, attorney, expert, investigator, accountant, insurer, or otherwise) and not merely such information known of your own personal knowledge. If you cannot answer in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remaining and stating whatever information or knowledge you have concerning the unanswered portion. When an answer is made by a corporate defendant, state the name (see

following instructions) of the person providing the answer and identify the source of his or her information.

(2) Unless otherwise indicated, these interrogatories refer to the date, time, place, and circumstances of the occurrences referenced in the pleadings (the "subject incident").

(3) Whenever the identity of a person is requested, state:

a. His or her full name and "nick-name," if applicable.
b. Home address (including zip code) and telephone number.
c. Employment or business, including job title, business address (including zip code), and business telephone number.
d. Social Security number and date of birth.
e. Race, sex, and marital status

(4) Whenever a place or geographical location is requested, state the complete address (including zip code) of such location or information sufficient to identify said location.

(5) "Documents" shall mean, unless otherwise indicated, all written or recorded material of any kind or character, in your possession or custody or subject to your control, including without limitation, letters, correspondence, telegrams, memoranda, reports, records, minutes, notes, contracts, agreements, files, account books, notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, books, any material on which writing appears or from which data compilations can be made, diagrams, drawings, sketches, catalogs, ledgers, checks, check stubs, check registers, accounting records, photographs, video recordings, audio recordings, microfilm, photostats, computer generated data, computer printouts, computer discs, as well as each copy of a document where such a copy is not identical to the original.

(6) Whenever information regarding documents is requested, state:

a. The date on which the document was drafted.
b. The number of pages of the document.
c. The author(s) and signor(s) of the document.
d. A brief description of the nature and content of the document.
e. Identification of the addressee.

f. Any other information necessary to enable the plaintiff to identify the document for purposes of a request for production of documents or a subpoena duces tecum.

In lieu of the description requested in subparagraphs "b" and "d" above, a copy of the document may be attached to the interrogatory answers with the appropriate reference to the specific interrogatory to which the document pertains.

(7) The words "identify" or "identification," when used in reference to a communication, mean to state the parties to such communication; the medium of such communication, i.e., telephonic, written correspondence, etc.; the date of such communication; and the subject matter and substance of each communication.

(8) These interrogatories are continuing in character, so you must file supplemental answers in accordance with Virginia Supreme Court Rule 4:1(e) immediately upon obtaining further or different information in which a prior response is no longer complete or accurate.

(9) If an objection is made to any interrogatory, state the specific grounds and provide a complete answer to such part of the interrogatory that is not considered objectionable.

(10) If you refuse to answer an interrogatory based on a privilege claim, make such claim with enough specificity to satisfy Rule 4:1(b)(6) of the Rules of the Supreme Court of Virginia. You may provide this information in a privilege log produced at the same time as your answers to these interrogatories.

(11) If you believe that any of the interrogatories themselves, or words and terms used in the interrogatories, make the interrogatory confusing or unclear, please contact the undersigned counsel to discuss so that the intent of the interrogatory can be communicated more clearly.

**<u>INTERROGATORIES</u>**

1. Identify each person having any knowledge of the events relating to, leading up to, or concerning the incident described in the Complaint filed herein known to you, any insurance carrier affording you coverage, or counsel by name, address, home and business telephone number, employer, relationship to you, the substance of their knowledge or testimony, and whether you intend to call them as witnesses in the trial of this action.

**ANSWER**:

2. Identify each person whom you intend to call as an expert witness at trial, and for each such person, state the subject matter on which he or she is expected to testify, state the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**ANSWER**:

3. For any response to any allegation about the event causing Ms. Caro's injury contained in the Complaint, made by you that is anything other than an unqualified admission, please describe in detail all facts upon which you rely in failing to admit such allegation or request, identifying the allegation or request you are responding to.

**ANSWER**:

4. State how you contend the incident occurred, and identify all individuals with personal knowledge of the incident, and all individuals who were present in the area where the incident occurred for the 1 hour prior to the incident and 1 hour after the incident, and note what times such individual(s) were present.

**ANSWER**:

5. State all facts that support any averment and/or defense (including any affirmative defense(s)) included in your Answer to the Complaint

**ANSWER**:

6. Identify each person who has given or made a statement (oral or written) concerning the incident which is the subject of this action, and for each such statement state the date the statement was made or given, the identity of the person to whom the statement was made or given, and whether the statement was recorded, transcribed, oral or signed by the person making or giving the statement. **This interrogatory includes identification and production of any claims notes that summarize or refer to statements made by any witness.**

**ANSWER**:

7. Identify the following:

(1) The date the Storage Bins referenced in the Complaint were stacked on the shelves.

(2) The person or person(s) who stacked the storage bins on the shelves; and

(3) The person who directed the person or person(s) to stack the storage bins on the shelves.

**ANSWER:**

**AMY CARO**

By: [signature]
Of Counsel

Jeffrey A. Breit (VSB No. 18876)
Sarah G. Sauble (VSB No. 94757)
Breit Biniazan, P.C.
2100 E. Cary Street, Suite 310
Richmond, VA 23223
(804) 522-0065 (Telephone)
(757) 299-8035 (Facsimile)
jeffrey@bbtrial.com
sarah@bbtrial.com
*Counsel for Plaintiff*

**CERTIFICATE**

I hereby certify that a true and accurate copy of the foregoing was served simultaneously with the Complaint on the date identified in the Affidavit of Service.

[signature]
Sarah G. Sauble

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF VIRGINIA BEACH**

**AMY CARO,**

**Plaintiff,**

**v.** **CASE NUMBER: ___________________**

**WAL-MART STORES EAST, LP**

**and**

**JANE DOE**

**Defendants.**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO WAL-MART EAST, LP**

COMES NOW, the plaintiff, Amy Caro, by counsel, and propounds to Wal-Mart East, LP. ("Wal-Mart") the following first set of requests for production to be answered under oath within (28) twenty-eight days from the date of service hereof, in accordance with the Rules of the Supreme Court of Virginia.

**Instructions**

(A) These requests for production of documents are continuing in character, so you must file supplemental responses in accordance with Rule 4:1(e) of the Rules of the Supreme Court of Virginia immediately upon obtaining information which requires supplementation, where, for example, a prior response is inaccurate or incomplete.

(B) Unless otherwise indicated, these requests for production of documents refer to the date, time, place and circumstances of the occurrence referenced in the complaint and responsive pleadings (the "subject incident").

(C) In responding to these requests, furnish all documents which are available to you, including documents in the possession of your attorney or investigator for your attorney or anyone employed or acting on your behalf (whether as agent, servant, representative, attorney, expert, investigator, accountant, insurer, or otherwise) and not merely such documents known of your own personal knowledge. If you cannot respond in full, after exercising due diligence to secure the documents, so state and respond to the extent possible, specifying your inability to produce the remaining documents or answer the remaining question and providing whatever information or documents or knowledge you have concerning the unanswered portion. When an answer is made by a corporate defendant, state the name, home and business address, home and business telephone number, social security number, date of birth, and title of the person supplying the information, together with the source of his or her information.

(D) The pronoun "you" or "your" refers to the party to whom these requests for production of documents are addressed and the persons mentioned in Paragraph (C).

(E) If an objection is made to any request for production of documents, a response should be made to such part of the request that is not considered objectionable and the specific grounds of the objection noted.

(F) "Document" shall mean, unless otherwise indicated, all written or recorded material of any kind or character, in your possession or custody or subject to your control, including without limitation, letters, correspondence, telegrams, memoranda, reports, records, minutes, notes, contracts, agreements, files, account books, notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, books, any material on which writing appears or from which data compilations can be made, diagrams, drawings, sketches, catalogs, ledgers, checks, check stubs, check registers, accounting records, photographs, video recordings, audio recordings,

microfilm, photostats, computer printouts, computer discs, computer generated data, as well as each copy of a document where such copy is not identical to the original.

(G) If you consider any document requested to be privileged or otherwise exempted from production, include in the responses a list of documents withheld or to be withheld from production, identifying each document by date, addressee, author, title, and subject matter. In addition, identify those persons who have seen the document, those who were sent copies, and in whose possession the document is. Finally, state each ground upon which each such document is considered privileged or otherwise exempted with enough specificity to satisfy Rule 4:1(b)(6) of the Rules of the Supreme Court of Virginia. You may provide this information in a privilege log produced at the same time as your responses to these requests for production.

## REQUESTS FOR PRODUCTION

1. All documents and things relating or referring to the incident that forms the basis of this suit including, but not limited to, incident reports, witness statements, and videos.

**RESPONSE:**

2. All documents and things constituting, containing, or relating to any photograph, sketch, measurements, inspection, map, motion picture, diagram, drawing, schematic, videotape, illustration, simulation, animation, test, experiment, study, recreation, reconstruction, visualization, or other visual depiction or description of or relating to the subject incident.

**RESPONSE:**

3. A copy of all insurance policies (including declaration sheets) providing coverage for any claim asserted in the Complaint.

**RESPONSE:**

4. All documents obtained by subpoena *duces tecum* or other discovery during the course of this litigation (reasonable copying charges will be paid for the production of any documents produce in response to this request).

**RESPONSE:**

5. All documents relating to policies and procedures, training, instruction, and education of any defendant regarding the stocking of merchandise/ inspecting premises for hazards that were in effect on the date of the accident.

**RESPONSE:**

6. All documents related to the incident or the cause of the incident.

**RESPONSE:**

7. All photographs, documents, evidence, treatises, or authoritative literature upon which any expert intends to rely in this case or which your expert reviewed (even if he does not intend to rely upon same).

**RESPONSE:**

8. All documents and things pertaining to or containing information regarding any investigation of the incident.

**RESPONSE:**

9. All documents relating to any personnel action taken against any employee as a result of the incident.

**RESPONSE:**

10. All documents and things provided to or received from Ms. Caro or anyone acting on her behalf (excluding anything produced or provided by counsel for the plaintiff).

**RESPONSE:**

11. All documents (including any transcripts) constituting, containing, or relating to statements taken from or made by any party or any eyewitness regarding or related to the incident, **including any handwritten or computerized notes or claims notes generated by someone who spoke with any eyewitness regarding the conversation.**

**RESPONSE:**

12. Produce a claims and lawsuit run for all claims or lawsuit that involved accidents at the Wal-Mart at issue for the 5 years prior to the incident.

**RESPONSE:**

13. All documents and things relating to any contention by defendant that any person or entity other than defendant and its employees and/or agents caused or contributed to cause the incident and/or Ms. Caro's injuries.

**RESPONSE:**

14. All documents and things relating to any allegation or contention by defendant that any intervening cause or causes other than acts and/or omissions of defendant's employees proximately caused the incident or operated in some manner to relieve or diminish defendant's liability for the injuries to Ms. Caro.

**RESPONSE:**

15. All documents and things identified or described in any Answer to any of Plaintiffs' Interrogatories to Defendants.

**RESPONSE:**

16. Any and all documents and things relied upon in answering Plaintiff's Interrogatories.

**RESPONSE:**

17. Produce the entire claims file created by any insurance company, third party administrator, or its agents regarding the subject accident.

**RESPONSE:**

18. Any and all documents, electronic or otherwise, written, created, modified, or viewed by any insurance agent, third party administrator, adjuster, or representative who participated in the investigation or supervision of any claims arising from the accident.

**RESPONSE:**

19. Every book, document, or other tangible thing of any nature whatsoever, including but not limited to ex parte affidavits, statements in writing, and all recorded statements which impeach or relate to the credibility of any witness who has knowledge of the facts regarding this case.

**RESPONSE:**

20. Any and all documents that embody, relate, regard, reflect, refer to and/or summarize any and all opinions, correspondence, reports and/or memorandum regarding this case or Ms. Caro, prepared by, received from, or sent to any and all persons you expect to call as an expert witness.

**RESPONSE:**

21. Produce all emails you are aware of which reference or pertain to the incident at issue, including but not limited to any emails from any witness or insurance adjuster(s) or third-party administrators.

**RESPONSE:**

22. All deposition transcripts in your possession regarding any party or witness to this action.

**RESPONSE:**

23. Identify and produce all electronically stored data in your possession or under your control that references the incident at issue, including but not limited to: electronic mail, hard drives, Compact Disks (CDs), Digital Video Disks (DVDs), floppy disks, etc.

**RESPONSE:**

24. Produce all video footage that shows Ms. Caro in the subject Wal-Mart store on May 23, 2024.

**RESPONSE:**

25. Produce all images and videos depicting the incident location at issue and the people and objects involved in the subject incident.

**RESPONSE:**

26. Produce logs for inspections and cleanings of the incident location for November 23, 2023 – May 23, 2024. “Logs” refers to any documents that memorialize efforts to inspect the subject back room.

**RESPONSE:**

27. All documents (excluding those produced by the plaintiff to you) in any way related to medical services and psychological services provided to the plaintiff. These documents shall include, but are not limited to, any documents obtained by you pursuant to subpoena duces tecum. The plaintiff will pay a reasonable cost for production of these documents on a CD or otherwise electronically.

**RESPONSE:**

28. Any and all documents maintained in the ordinary course of business or in your daily affairs either as a requirement of licensure, for internal usage, as used for filing documents with any state or other government agency, or otherwise relating to the occurrences identified in the pleadings. These documents would include, but are not necessarily limited to, incident reports for the Commonwealth of Virginia, local governments, incident information exchange documents, internal incident reports, etc.

**RESPONSE:**

29. All photographs, films, moving pictures, or videotapes of the plaintiff.

**RESPONSE:**

30. All photographs, videotapes, movie films, drawings, diagrams, and measurements of the subject incident and the scene of the subject incident.

**RESPONSE:**

31. All written or recorded statements made by the parties or any other person that relate to the subject incident and events leading up to the subject incident.

**RESPONSE:**

32. Any and all documents portraying or resembling warnings that you contend were given to the plaintiff before the subject incident.

**RESPONSE:**

33. All exhibits of any nature which you intend to introduce at trial.

**RESPONSE:**

34. Any and all documentation of communication (including letters, emails, and audio recordings) related to the events leading up to the subject incident.

**RESPONSE:**

35. All safety manuals, training manuals, presentations, and fliers related to safety that you provided to individuals working at or near the subject incident location on May 23, 2024.

**RESPONSE:**

36. Produce all schedules and work schedules and days and hours of performance

issued by you to any agent, employee, servant, or contractor working at or near the incident site on May 23, 2024.

**RESPONSE:**

**AMY CARO**

By: Sarah Sauble
Of Counsel

Jeffrey A. Breit (VSB No. 18876)
Sarah G. Sauble (VSB No. 94757)
Breit Biniazan, P.C.
2100 E. Cary Street, Suite 310
Richmond, VA 23223
(804) 522-0065 (Telephone)
(757) 299-8035 (Facsimile)
jeffrey@bbtrial.com
sarah@bbtrial.com
*Counsel for Plaintiff*

**CERTIFICATE**

I hereby certify that a true and accurate copy of the foregoing was served simultaneously with the Complaint on the date identified in the Affidavit of Service.

Sarah Sauble
Sarah G. Sauble